| ¡.DOWNING, J.
The Louisiana Department of Health and Hospitals (DHH) appeals an adverse judgment of the district court on judicial review reversing DHH’s imposition of penalties against Pearl Bueehe in connection with her claim for Medicaid benefits. Concluding the trial court was not manifestly erroneous in its factual determinations, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

On January 14, 1997, Ms. Pearl Bueehe applied to DHH for Medicaid and long term care benefits. On March 12, 1997, DHH notified Ms. Bueehe that she was ineligible for long term care benefits under their formula for a period of twenty-eight months because, they allege, she imper-missibly donated her home to her children in March 1996. On March 25, 1997, after rebuttal by Ms. Bueche’s son, who is her authorized representative, DHH certified Ms. Bueehe for Medicaid coverage, but not for long term care benefits. Ms. Bueche’s son then requested a hearing before an administrative law judge. The administrative law judge heard the matter on June 23, 1997. On July 11, 1997, the Office of the Secretary of DHH adopted and issued by letter the administrative law judge’s written, “Appeal Decision.” This decision upheld DHH’s prior determination that Ms. Bueehe was ineligible to receive long term care benefits for a period of twenty-eight months.
On August 11, 1997, Ms. Bueche’s son filed a petition for judicial review in the Eighteenth Judicial District Court. The matter came on for oral argument on November 11, 1998, at which time the trial court orally ruled. On February 25, 1999, the trial court signed a judgment remanding this matter to DHH for further proceedings.
|3The DHH administrative law judge held a rehearing on June 21, 1999. The administrative law judge rendered his recommendation entitled “Appeal Decision on Remand After Rehearing,” on July 13, 1999, which recommendation again concluded Ms. Bueehe should be penalized for impermissibly donating her home to her children prior to seeking Medicaid benefits. This recommendation was forwarded to the district court and to Ms. Bueche’s son. There was no indication in the record, however, that the Office of the Secretary of DHH ever adopted this decision or made it a final judgment or order.
Nonetheless, the matter came on again for oral argument before the district court on October 19, 1999. On November 10, 1999, the district court again entered judgment, this time reversing DHH’s imposition of penalties against Ms. Bueehe.
DHH appealed asserting one assignment of error, as follows:
The district court, sitting as an appellate court in a matter on judicial review, erred in reversing the decision of the Department in a rehearing and declaring that the petitioner/appellee transferred her home property without proper compensation for a reason other than to establish eligibility for Medicaid long term care benefits.
On appeal this court noticed that the DHH’s “Appeal Decision on Remand After Rehearing” did not appear to be final, and we could not determine whether subject matter jurisdiction had ever vested in the district court. We therefore remanded this matter to the district court for further proceedings. On February 19, 2002, the trial court conducted a hearing where it took additional evidence on this matter and heard the argument of counsel. The next day, the trial court entered a judgment declaring the “Appeal Decision on Remand *27 After Rehearing” to be final and ordering the matter returned to this court.

\ ¿DISCUSSION

Standard of Review

Judicial review is a multifaceted function involving several types of reviews: statutory or constitutional review, procedural review, substantive review, factual review, and fact-finding. Multi-Care, Inc. v. State, Dept. of Health & Hospitals, 00-2001, p. 3 (La.App. 1 Cir. 11/9/01), 804 So.2d 673, 674. The Louisiana Administrative Procedure Act, LSA-R.S. 49:964 G, provides that the court may reverse or modify the decision if substantial rights of the appellant were prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
The Louisiana legislature enacted Acts 1997, No. 128, § 1, effective June 12, 1997, to amend paragraph ,G(6) to make the trial court a fact finder who weighs the evidence and makes its own conclusions of fact by preponderance of the evidence. Multi-Care, 00-2001 at p. 4, 804 So.2d at 1,675. Accordingly, we “defer to the trial court’s factual determinations and use a manifest error standard of review where the1 legislature has empowered it with the function of fact finding.” Id.

Analysis

 Under DHH Medicaid Eligibility Provision 1-1671, any transfer of a Medicaid applicant’s resources for less than fair market value is presumed to be made “for the purpose of establishing Medicaid eligibility unless the individual presents convincing evidence that the transfer was exclusively for some other purpose.” Under Provision 1-1673, which re-asserts this presumption, the applicant/recipient must be given an opportunity to rebut the presumption by evidence that establishes “the transfer was solely for a reason other than to qualify for Medicaid.”
The administrative law judge (ALJ) conducted two telephonic hearings. The first was held on June 23, 1997 where, at the direction of the ALJ and without objection from any party, Ms. Bueche’s attorney presented her case. Her son was present, but he gave minimal testimony. The second hearing was conducted on the order of the trial court pursuant to a petition for judicial review. This hearing was held on June 21,' 1999 and was limited to the issues of the reason for Ms. Bueche’s transfer of her home property and a ^determination of her percentage of ownership interest in the home. The record contains no transcript of this hearing.
*28 At this second hearing the ALJ made two findings of fact pertinent here. First, he found that “a reason” for the transfer was a letter from an attorney threatening civil and criminal legal action against her for alleged trespass. Second, the ALJ found that the stated reason for the transfer was her age and not any health condition. The record contains evidence supporting these facts. The record contains no evidence of any other intent | ¿for making the - transfer of property at issue. Nonetheless, the ALJ concluded that these reasons were not sufficiently convincing to overcome the presumption that the property was transferred for reasons other than qualifying for Medicaid.[2] ■ Accordingly, the ALJ ordered that Ms. Bueche be denied Medicaid benefits for twenty-five (25) months. The Secretary of DHH adopted these conclusions and made them the ruling of the agency.
On judicial review, the trial court reversed this decision and ordered that Ms. Bueche was eligible for long term care benefits from the date of her initial application. The trial court specifically found “sufficient evidence that the transfer of property was solely for a reason other than to qualify for Medicaid.”
We conclude that the trial court was not manifestly erroneous in so finding. Un-contradicted evidence in thé record supports the conclusion that the property was transferred solely for a reason other than to qualify for Medicaid. The ALJ stated he was not convinced, but provided no basis and cited no evidence to support his conclusion.
Regarding the presumption that the property was transferred to qualify for Medicaid, LSA-C.E. art. 306 provides that “[i]f the trier of fact finds the existence of the predicate fact, and if there is evidence controverting the fact to be inferred, it shall find the existence of the inferred fact unless it is persuaded by the controverting evidence of the nonexistence of the inferred fact.” Here, the trial court, as the legislatively empowered trier of fact (LSA-R.S.49:964G(6)), was persuaded by uncontroverted evidence of the 17nonexistence of the inferred fact. Specifically, the trial court found as a fact that the transfer of property was solely for a reason other than to qualify for Medicaid.
We are aware of the provision of LSA-R.S. 49:964(G)(6) providing that where an “agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not,” we should give due regard to the agency’s determination of credibility issues. We note, however, ■ that both hearings were conducted telephonically, and the ALJ had no opportunity to judge the credibility of any witness by first-hand observation of demeanor on the witness stand. We also note that the record contains no pertinent testimony by any witness for the ALJ to evaluate for credibility. Accordingly, the trial court owed no deference to the ALJ’s credibility determinations, if any.
*29 We find no error in the trial court’s factual and legal determinations. -DHH’s assignment of error is without merit.

DECREE

The judgment of the trial court is affirmed. Costs of this proceeding are taxed to the Department of Health and Hospitals in the amount of four hundred eighty and no/100 dollars ($480.00).
AFFIRMED.

. The record nowhere reflects that Ms. Bueche or her son were ever told that if the home property were returned to her, she could have kept the property and avoided any penalty. DHH Medicaid Eligibility Provision 1-1678. In its brief, DHH argued that Ms. Bueche’s home would not have been considered a resource for purposes of long term Medicaid benefits as long as she kept the property and expressed an intent to return. Such rule has not been provided to this court, '.but the assertion is corroborated by DHH Medicaid Eligibility Provision 1-1672 which states in pertinent part, “Property ceases to be excluded as the home as of the date the individual having left it does not intend to return."